SLAYDEN-KIRKSEY WOOLEN MILL v. HOUSTON & TEXAS CENTRAL
RAILROAD COMPANY.

Decided November 16, 1910.

**Carriers—Sale of Unclaimed Property.**
  In selling unclaimed property to satisfy its freight charges, under the authority given by Rev. Stats., article 327 et seq., a railway company is not bound to sell same at the destination of the shipment. It is not liable to the owner for conversion because it carried them to and sold them at another station on its line.

Appeal from the County Court of McLennan County. Tried below before Hon. Tom L. McCullough.

*Sleeper, Boynton & Kendall,* for appellant.—It was the duty of defendant, under the law, if it desired to sell said goods to pay the freight charges under the statutes, to advertise and sell same at Waco, in McLennan County, and the removal of said goods to Houston, and advertising and selling the same there to pay the freight constituted a conversion thereof by the defendant and rendered defendant liable to plaintiff for the value of said goods with interest from the date of conversion. Rev. Stats., 1895, art. 327 et seq.; G., C. & S. F. Ry. Co. v. Grain Co., 32 Texas Civ. App., 93; M., K. & T. Ry. Co. v. Rines & Co., 37 Texas

Civ. App., 618; 5 Am. & Eng. Ency., 417, 422, 425; 22 Am. & Eng.
Ency., 887; 2 Story Equity, 1031; Note 49, Am. Dec., 723; Railway Co.
v. Allison, 59 Texas, 193; King & Co. v. Insurance Co., 58 Texas, 669;
Lucketts v. Townsend, 3 Texas, 110.

*Baker, Botts, Baker & Lovett* and *A. P. McCormick,* for appellee.—
Under a proper construction of the statutes in question, Rev. Stats., art.
327 *et seq.*, and art. 4520, the carrier has the right to sell unclaimed
freight upon compliance with the provisions of said statute, at the most
convenient and best market for the goods sold.   G., C. & S. F. Ry. Co.
v. Grain Co., 32 Texas Civ. App., 93; Sedgwick on Statutory Construc-
tion (2nd ed.), 309.

JENKINS, ASSOCIATE JUSTICE.—This is an appeal from the judg-
ment of the County Court of McLennan County in a case appealed to
that court from the Justice's Court of Precinct No. 1, McLennan County.

Appellant instituted the suit in said Justice's Court of Precinct No.
1, McLennan County, against appellee for $168.30 with six per cent per
annum interest thereon from November 12, 1907, alleging that defendant
converted to its own use certain goods, wares and merchandise consisting
of clothing, shipped by John Howell & Co. of Snyder, Oklahoma, to
Slayden-Kirksey Woolen Mill at Waco, Texas, over the line of appellee's
railroad, on or about April 17, 1907.  Appellee admitted that the mer-
chandise had been shipped by John Howell & Co., and transported by it,
as alleged by appellant, and that same reached Waco, Texas, over the
line of appellee's railroad on or about May 6, 1907, and that thereafter
certain notices were mailed to appellant giving notice of the arrival of
said goods and that same remained on hand unclaimed until November
12, 1907, when they were forwarded to the unclaimed warehouse of ap-
pellee at Houston, Texas, and there duly sold after advertisement, ac-
cording to law, for payment of freight charges.  The proceeds of said
sale, amounting to $31.93 were tendered to appellant and refused.

Judgment was rendered in said Justice's Court that plaintiff recover
nothing, and the cause was regularly appealed to the County Court of
McLennan County.  Upon trial in said County Court, upon an agreed
statement of facts, without a jury, the judge of said court rendered a
judgment that plaintiff recover nothing, from which judgment this
appeal is prosecuted.

Appellant assigns error as follows: "The court erred in giving judg-
ment for defendant and not giving judgment for plaintiff for $168.30
with six per cent per annum interest from November 12, 1907, for the
reason that defendant had no right to remove said goods to Houston,
Texas, and there sell them for freight charges, but it was the duty of
defendant, under the law, if it desired to sell said goods, to pay the
freight charges under the statutes, to advertise and sell same at Waco, in
McLennan County, and the removal of said goods to Houston and adver-
tising and selling same there to pay the freight constituted a conversion

thereof by the defendant and rendered it liable to plaintiff for the value of said goods with interest from the date of conversion." We overrule this assignment of error. The law very properly holds common carriers to a high degree of responsibility as to goods received by them for carriage, so that any such intentional deviation from the contract as would be tantamount to an assertion of the right of dominion over the property inconsistent with the right of ownership in the consignee, will amount to a conversion. But in this case the contract of carriage had been fully performed; the goods had been delivered at their point of destination, and the consignee had failed to pay the freight on them and take them out of the depot. Thereupon the statute gave the railroad company authority to sell said goods for the purpose of paying the freight and storage charges. Rev. Stats., arts. 327 et seq. This right is conceded by appellant, but the contention is that the said statute gave the right to make such sale at Waco, and not elsewhere, and that the sale of said goods at Houston amounted to a conversion. The statute is silent as to the place of sale. We can get no assistance in this matter from the common law, for the reason that no right of sale, except by foreclosure proceedings, existed at common law. It will be observed that appellee literally complied with the letter of the statute; that is to say, it conveyed the freight to its destination, a point in this State; such freight remained unclaimed in the depot at the point of destination for the space of three months; the owner failed within that time to pay the proper charges against the same, and thereafter the appellee sold the same at auction in the manner provided by law, after giving the proper notice in the county where the sale was to be made, towit, in Harris County, the goods having been transported to that county after the expiration of the three months required by law for them to have been kept in the depot at Waco. To hold that the appellee had no right to take these goods to Houston for the purpose of sale, would be to read into the statute something that the Legislature did not put therein, towit: that the sale must be made at the point of destination.

Perhaps the failure to require goods to be sold for freight charges at the point of destination was supposed to be in the interest of the consignee, as the price that goods would bring at small stations might frequently be totally inadequate. But however this may be, we must look at this statute from another standpoint, and that is, it was enacted for the benefit of common carriers, to enable them, by a comparatively speedy and inexpensive method, to collect freight charges, when the owner of goods had failed or refused to pay the same; and the statute should be given a liberal construction in order that it may be made to accomplish the purpose for which it was enacted. Rev. Stats, final title, section 3. By concentrating unclaimed freight at some city on its line, a railroad company might be able to sell such freight at less cost and for a better price; which, while incidentally inuring to the benefit of the owners of such goods, should they claim the surplus of the proceeds within five years, would more surely enable the carrier to realize enough

from such sales to pay the freight charges due and the cost of the sales. The liability of the carrier to the owner for failure to select a proper place for such sale, is not in issue in this case.

Finding no error in the action of the court below, the judgment of said court is affirmed.

*Affirmed.*